## Mason *against* Benson.

A defendant arrested on a *capias ad satisfaciendum*, gave bond conditioned for his appearance at the next term to take the benefit of the insolvent law. During that term the court, on motion, set aside the *capias ad satisfaciendum*, and the defendant did not apply by petition for the benefit of the insolvent law: *Held*, that the bond was not forfeited, but became inoperative when the process was set aside.

ERROR to the common pleas of *York* county.

Calvin Mason, administrator of Joseph Morris, against Treat Benson and P. W. Bing.   Debt on bond, and special verdict.

In the common pleas of York county, to April term 1839, Calvin Mason, as administrator of Joseph Morris, brought suit against Treat Benson and Mary Benson his wife, founded on a promissory note for 114 dollars 70 cents, with interest from the 10th of January 1836, and obtained judgment by default for the amount claimed, and on the said judgment issued a *fieri facias* No. 22, to November term 1839, against the defendants for debt, interests, and costs, which was returned "*nulla bona*," and afterwards to January term 1840, No. 17, issued a *capias ad satisfaciendum* on the same for 114 dollars 70 cents, with interest from the 10th of January 1836, and 15 dollars 20 cents costs, on which the said Treat Benson was arrested, and gave bond to the plaintiff, with P. W. Bing as his surety, to appear at the then next term of the said court, and present his petition for the benefit of the insolvent laws, and which said bond was approved by the prothonotary, and the said Treat Benson discharged from custody by the sheriff of York county. The next term referred to in said bond commenced on the 6th of January 1840, and continued from day to day, by regular adjournments, until the 11th of said month. The said Treat Benson did not present his petition to the said court at the said term or afterwards, but on the 7th of January aforesaid, during the sitting of the said court, the said Treat Benson obtained a rule to show cause why the aforesaid judgment should not be opened, and the *fieri facias* and *capias ad satisfaciendum* be set aside, which said rule was made absolute on the next day, to wit, the 8th of January 1840. No judgment for either party has since been given in said suit.

To August term 1840, Calvin Mason, administrator of Joseph Morris, brought this suit against Treat Benson and P. W. Bing, on the said bond, before referred to. If the plaintiff be entitled to recover on said bond, then judgment to be rendered for plaintiff for such sum as he may be entitled to recover; otherwise, judgment for defendant.

[Mason v. Benson.]

The court below (Durkee, president) rendered a judgment for the defendant.

*Mason*, for plaintiff in error, cited 6 *Watts* 508; 1 *Binn.* 152; *Ing. on Insol.* 32. 316.

*R. Fisher*, for defendant in error, cited 4 *Watts* 69; 4 *Yeates* 389.

The opinion of the court was delivered by

SERGEANT, J.—It is impossible to treat the bond as binding after the *capias ad satisfaciendum* has been set aside. The bond is but a substitute for the imprisonment; the person of the defendant is liberated for the time being, on giving security to effect the same purpose which he might have effected by actual custody, namely, the immunity from arrest on the cession of his property to his creditors. But when the basis of the bond is gone, by annulling the proofs, the bond itself necessarily falls with the proofs. The condition of the bond is, that the debtor shall appear and present his petition, and comply with all requisites, and abide the orders of the court, or in default thereof, and if he fail in obtaining his discharge, shall surrender himself to the jail of the county. After the *capias ad satisfaciendum* has been set aside, the jailer has no authority to detain the defendant, and the surrender would be but nominal. It is plain the act of assembly means a valid surrender—a surrender under a subsisting process, by which the defendant can be held in imprisonment to answer the judgment. In the case before us, there was no longer any such process; it had been set aside, and the judgment on which it issued was opened. One of the conditions of the bond was thus rendered impossible by the act of the law, produced by a defect in the claim and proceedings of the creditor himself, and therefore the bond was not forfeited.

Judgment affirmed.